UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――

In re:                                             Chapter 13

DELROY ANTHONY WHITE dba                           Case No. 12-47895-CEC
ASWAN ENTERTAINMENT, INC.,

                            Debtor.
―――――――――――――――――――――――――――――――

SPERRY ASSOCIATES FEDERAL CREDIT UNION,

                         Plaintiff,

             -against-                            Adv. Proc. No. 13-01144-CEC

U.S. BANK, NATIONAL ASSOCIATION, AS
TRUSTEE, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and
JP MORGAN CHASE BANK, N.A.

                        Defendants.
―――――――――――――――――――――――――――――――

## DECISION

APPEARANCES:

Scott A Rosenberg
Kevin R Toole                                      Jay Teitelbaum
Scott A Rosenberg PC                               Teitelbaum & Baskin LLP
2400 Jericho Turnpike, Suite 201                   1 Barker Avenue
Garden City Park, NY 11040                         White Plains, NY 10601
*Attorneys for Plaintiff*                          *Attorney for Defendants*

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on cross motions for summary judgment in this adversary proceeding, which was commenced by Sperry Associates Federal Credit Union ("Sperry"), the junior lien holder with respect to the debtor's real property. Sperry seeks a declaratory judgment against U.S. Bank National Association, Mortgage Electronic Registration Systems, Inc., and JP Morgan Chase Bank, N.A. (collectively, the "Defendants"), that subordinates all or a portion of the senior mortgage on the Debtor's real property to the Sperry mortgage. Sperry contends its position as a junior mortgagee was impaired when the Debtor and the servicer for the senior mortgagee, JP Morgan Chase Bank, N.A. ("Chase"), entered into a loan modification agreement without Sperry's consent. Because the modification neither increased the principal amount nor the interest rate of the senior mortgage, there is no basis to subordinate the senior mortgage to Sperry's junior lien. Defendants' motion for summary judgment is therefore granted, and Sperry's motion for summary judgment is denied.

## JURISDICTION

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K), 28 U.S.C. § 1334, and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

The following facts are undisputed, except as otherwise noted.

The debtor, Delroy Anthony White (the "Debtor"), owns real property located at 108-20A 172nd Street, Jamaica, New York 11433 (the "Property"). (Schedule A, 12-47895-CEC, ECF No. 1.) The Debtor executed a note and mortgage, dated November 23, 2005 in the original

principal amount of $323,000 in favor of First Financial Equities (respectively, the "Chase Note" and the "Chase Mortgage"). (JPMorgan Chase's Mot. for Summ. J., Exs. 2 and 3, 13-01144-CEC, ECF Nos. 20-4 and 20-5.)  On December 21, 2005, the Chase Mortgage was recorded against the Property and was held in the name of Mortgage Electronic Registration Systems, Inc. ("MERS"), as mortgage and nominee of First Financial Equities.  (JPMorgan Chase's Mot. for Summ. J., Ex. 3, 13-01144-CEC, ECF No. 20-5.)  On December 13, 2012, an assignment of mortgage was recorded which assigned the Chase Mortgage from MERS to a trust, for which U.S. Bank National Association ("U.S. Bank") acts as trustee, and for which Chase acts as servicer.  (JPMorgan Chase's Mot. for Summ. J., Exs. 8 and 9, 13-01144-CEC, ECF Nos. 20-10 and 20-11.)

On May 2, 2007, the Debtor executed a note in favor of Sperry (the "Sperry Note") for $55,000 and executed a second mortgage (the "Sperry Mortgage") on the Property to secure the Sperry Note. (collectively, the "Sperry Loan"). (Sperry's Mot. for Summ. J., Ex. C, 13-01144-CEC, ECF No. 21-3.)  The Sperry Mortgage has a maturity date of May 2, 2022.  Id.  The Sperry Mortgage was recorded on June 4, 2007.  (Compl., 13-01144-CEC, ECF No. 1 at ¶ 14.)

On February 9, 2009, the Debtor executed a loan modification agreement with Chase and MERS, as nominee (the "2009 Modification").  (JPMorgan Chase's Mot. for Summ. J., Ex. 6, 13-01144-CEC, ECF No. 20-8.)  The 2009 Modification reaffirmed the total amount outstanding on the Note and reduced the interest rate from 6.925% to 3.000%, for one year, and provided for the interest rate to increase during each of the following two years, and to be capped at 5.617%.  Id.  No new funds were advanced in connection with the 2009 Modification.  Id.  Although the 2009 Modification was entered into without Sperry's consent, Sperry does not

contend that the 2009 Modification impaired its position as a junior mortgagee. (Comp., 13-01144-CEC, ECF No. 1.)

On October 28, 2010, the Debtor executed a second loan modification agreement with Chase and MERS, as nominee (the "2010 Modification"), in which he acknowledged that he was in default under the Chase Note and unable to make the monthly payments under the Chase Mortgage, absent modification. (Reply Affirmation in Further Supp. of Defs.' Mot. for Summ. J., 13-01144-CEC, ECF No. 30-1). The 2010 Modification, which was entered into pursuant to the Federal Home Affordable Modification Program ("HAMP"), lowered the Debtor's monthly payment obligations under the Note. (JPMorgan Chase's Mot. for Summ. J., Ex. 7, 13-01144-CEC, ECF No. 20-9.) Applying HAMP guidelines, the 2010 modification (i) extended the maturity date of the Note by one month, to January 1, 2036; (ii) capitalized arrears owed on the Note and deferred, interest free, any payment on account of $65,300 of the modified principal balance to the end of the term of the Note, at which time the deferred principal amount plus all other amounts due under the Note would be due and payable; (iii) reduced the interest rate to 2.000% for 5 years, with a step up to 3% in year 6, to 4% in year 7, and to 4.25% in year 8 for the remaining term of the loan. Id. No new funds were advanced under the 2010 Modification. Id. Like the 2009 Modification, the 2010 Modification was entered into without Sperry's consent. (Compl., 13-01144-CEC, ECF No. 1 at ¶ 37.)

On November 15, 2012, the Debtor filed a petition for relief pursuant to chapter 13 of the Bankruptcy Code. (Chapter 13 Voluntary Pet., 12-47895-CEC, ECF No 1.) Chase, as servicer of the Chase Mortgage, filed a proof of claim (12-47895-CEC, Claim No.17) in the amount of $314,832.34. Sperry filed a proof of claim (12-47895-CEC, Claim No. 9) in the amount of $54,477.42. The Property had a value of approximately $300,000, based on appraisals

performed in June, 2012. (Mot. to Avoid Lien, 12-47895-CEC, ECF No. 20-3). On February 28, 2013, the Debtor filed a motion pursuant to 11 U.S.C. § 506(a)(1) and Fed. R. Bankr. P. 3012 to deem Sperry's secured claim to be wholly unsecured for the purposes of the Debtor's chapter 13 plan of reorganization. (Mot. to Avoid Lien, 12-47895-CEC, ECF No. 20). The Debtor's motion was granted by order entered on May 23, 2013, without prejudice to Sperry's rights if successful in its claim for subordination of the Chase Mortgage. (Order, 12-47895-CEC, ECF No. 42.) The Debtor's chapter 13 plan was confirmed on May 30, 2013. (Order Confirming Chapter 13 Plan, 12-47895-CEC, ECF No. 48.)

On May 2, 2013, Sperry filed this adversary proceeding, seeking to subordinate the Chase Mortgage to the Sperry Mortgage, or in the alternative to subordinate the amount of the deferred principal balance under the 2010 Modification to the Sperry Mortgage, and to disallow Chase's proof of claim. (Compl., 13-01144-CEC, ECF No.1.) On January 22, 2014, both sides filed motions for summary judgment, which are addressed by this decision. (JPMorgan Chase's Mot. for Summ. J., 13-01144-CEC, ECF No. 20; Sperry's Mot. for Summ. J., 13-01144-CEC, ECF No. 21.)

ARGUMENTS

Sperry argues that the 2010 Modification, by deferring $65,300 of principal to the maturity date of the Note, rather than providing for that amount to be amortized during the term on the Note, made the Note and Mortgage more susceptible to default at maturity. In addition, according to Sperry, the 2010 Modification adversely affected the Sperry Mortgage prior to maturity, because, in the event of a default and foreclosure sale, the deferred balloon payment and lowered monthly payments under the Chase Mortgage would result in a higher amount due on the Chase Mortgage at the time of foreclosure, reducing of the proceeds of the foreclosure

sale available to satisfy the Sperry Note. Because of this, Sperry asserts it is entitled to have its junior mortgage, or at least an amount equal to the $65,300 deferred principal payment under the Chase Mortgage, placed ahead of the Chase Mortgage.

The Defendants argue that Sperry's position was not impaired by the 2010 Modification. The Defendants maintain that the deferred balloon payment does not impair Sperry's position, because the deferred payment does not bear interest, and is due 14 years after the Sperry Note matures. The Defendants also contend that the lowered monthly payments do not impair Sperry's mortgage, but rather improve its position, because, prior to the 2010 Modification, the Debtor was in default and unable to make the monthly payments under the Chase Mortgage.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is considered material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). No genuine issue exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted). "More specifically, it must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal quotations omitted).

"When cross-motions for summary judgment are pending, '[e]ach individual summary judgment motion must be evaluated independently.'" Healey v. Thompson, 186 F. Supp. 2d 105,

113 (D. Conn. 2001), aff'd in part, vacated in part on other grounds, Lutwin v. Thompson, 361 F.3d 146 (2d Cir. 2004). When deciding cross-motions for summary judgment, the court must "tak[e] care in each instance to draw all reasonable inferences against the party whose motion is under consideration." Otis Elevator Co. v. Civil Factory Mut. Ins. Co., 353 F. Supp. 2d 274 (D. Conn. 2005).

Here, material facts are not in dispute.

## DISCUSSION

In general, successive mortgages on the same property are entitled to priority in the order in which they have attached liens on the property. N.Y. C.L.S. Real P. § 291. See Varon v. Annino, 565 N.Y.S.2d 540 (N.Y. App. Div. 1991). "A senior lienor may enter into an agreement with the mortgagor modifying the terms of the underlying note or mortgage without obtaining the consent of any junior lienors." Fleet Bank v. County of Monroe Indus. Dev. Agency, 637 N.Y.S.2d 870, 871 (N.Y. App. Div. 1996). However, if the modification prejudices the rights of the junior lien holder or impairs its security, and is made without the junior lien holder's consent, courts have divested the senior lien holder of its priority and elevated the junior lien holder to a position of superiority. See Shultis v. Woodstock Land Dev. Assoc., 594 N.Y.S.2d 890, 892 (N.Y. App. Div. 1993); Empire Trust Co. v. Park-Lexington Corp., 276 N.Y.S. 586, 592 (N.Y. App. Div. 1934). Where the actions of the senior lien holder prejudice the junior lien holder, but do not substantially impair their security interest or destroy their equity, the senior lien holder will be required to relinquish to the junior holder its priority with respect to the modified terms only. See Shultis 594 N.Y.S. at 892.

In considering whether a modification should cause a senior mortgage to become wholly or partially subordinate to a junior lien, the courts look at the particulars of the modification and

scrutinize certain factors of the transaction. The principal factors considered are whether the modification increased the interest rate or the principal amount of the mortgage obligation.

> [W]hile precedent suggests that extension of the time of payment does not, in and of itself, work prejudice upon junior lienors so as to require their consent, changing the interest rate on the loan and bringing the additional interest charges within the lien of the mortgage does work prejudice inasmuch as the change increases the total amount of indebtedness placed prior to the subordinate lien.

Shultis, 594 N.Y.S.2d at 893 (citations omitted).

Sperry asserts that the 2010 modification adversely affected the Sperry Mortgage in two respects. First, Sperry argues, by changing the amortization of the Chase Mortgage to defer $65,300 of principal to a balloon payment due at maturity, the 2010 Modification has the effect of increasing the likelihood that the Chase Mortgage will default at maturity, by increasing the amount due at that time. Second, Sperry argues the deferral of principal adversely affects the Sperry Mortgage, prior to the maturity of the Chase Mortgage, because in the event of a foreclosure, a larger payment will be due on the Chase Mortgage than if the $65,300 had been amortized during the term of the loan.

These arguments ignore several important facts. First, the interest rate of the Chase Mortgage was substantially lowered under the 2010 Modification, to rates even lower than provided under the 2009 Modification. In addition, the $65,300 deferred principal payment due at maturity does not bear interest. Thus, the total amount payable by the Debtor under the Chase Mortgage was reduced by the 2010 Modification. Although the maturity of the Chase Mortgage was extended by one month under the 2010 Modification, the accrual of additional interest for

this period does not offset the savings resulting from reductions in the interest rate over a 26 year period. [1]

Second, Sperry's argument ignores the fact that, at the time of the 2010 Modification, the Debtor was in default under the Chase Mortgage. Rather than foreclosing the Chase Mortgage at that time, the defendants reduced the Debtor's mortgage payments pursuant to the 2010 Modification, thereby improving the Debtor's ability to make the ongoing payments due under the Sperry Mortgage. For Sperry to argue that it is prejudiced by this modification because it resulted in $ 65,300 being deferred to maturity, rather than being amortized, assumes that the Debtor had the ability, in the absence of the modification, to make both the payments on the Chase Mortgage and the Sperry mortgage, which is not the case. (See 2010 Modification, 13-01144-CEC, ECF No. 20-9 at ¶ 1, in which the Debtor represents "I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.")

Finally, the argument that deferral of $65,300 in principal under the Chase Mortgage to maturity increased the likelihood that the Debtor would be unable to pay the Sperry Mortgage at maturity ignores the fact that the Sperry Mortgage matures 14 years before the Chase Mortgage. Thus, from the standpoint of the Debtor's ability to pay the Sperry Mortgage during its term and at maturity, the deferral of principal improved Sperry's position.

In short, the undisputed facts provide no basis for subordinating any portion of the Chase Mortgage to the Sperry Mortgage, as the 2010 Modification neither increased the interest rate

---

[1] At the hearing on the summary judgment motions, Sperry's counsel acknowledged that the 2010 Modification resulted in a reduction of the amount due under the Chase Mortgage. (Hr'g Tr. 8:17-8:22, Mar. 20, 2014, 13-01144, ECF No. 32.)

9

nor increased the amount secured by the Chase Mortgage, or otherwise impaired the Sperry Mortgage in any other manner.

<u>Conclusion</u>

For all of these reasons, Defendants' motion for summary judgment is granted and Sperry's motion for summary judgment is denied.  A separate order will issue.



**Dated: Brooklyn, New York**
**August 14, 2014**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**